FILED NOV17'26PM1:51
MDGA-VAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ISAC RAFAEL GUTIERREZ &
CRISTINA PONCE,
*Petitioners, Pro Se,*

v.

GEORGIA STATE BOARD OF WORKERS' COMPENSATION, W.H. GROSS CONSTRUCTION COMPANY, BUILDERS INSURANCE, RYAN G. PRESCOTT, SETH BADER, ROCKY BABSON, PERRY DEAN ELLIS, AND HENRY R. DEGIVE,
*Respondents.*

**CIVIL ACTION NO.:** ______________________

## CIVIL RIGHTS & CONSTITUTIONAL DEPRIVATIONS (42 U.S.C. §§ 1981, 1983, 1985(3) & FOURTEENTH AMENDMENT EQUAL PROTECTION), INTRINSIC FRAUD & EXTRINSIC FRAUD UPON THE COURT (FED. R. CIV. P. 60(D)(3)), SPOLIATION & INTERCEPTION/FALSIFICATION OF STATUTORY RECORD TRANSMITTAL (FED. R. CIV. P. 37(E); O.C.G.A. § 34-9-105(B)), AND MANDATORY INJUNCTIVE, ALL WRITS & DECLARATORY RELIEF VACATING VOID ORDERS AB INITIO FOR URGENT BONE-DISEASE REMEDIATION & FAMILIAL RESTITUTION (28 U.S.C. §§ 1651, 2201–2202; FED. R. CIV. P. 70)

***Verified Civil Action for Willful Negligence, Civil RICO (18 U.S.C. §§ 1961–1964), Fourteenth Amendment Due Process & Equal Protection Deprivations (42 U.S.C. §§ 1981, 1983, 1985(3)), & Extrinsic Fraud (Fed. R. Civ. P. 60(d)(3))***
***(U.S. District Court — Middle District of Georgia, Valdosta Division / Certified Exhibits & 26-Count Ledger)***

## I. INTRODUCTION, JUDICIAL NOTICE OF EXHIBITS, & EMERGENCY MANDAMUS JURISDICTION

Petitioners **Isac Rafael Gutierrez** and , (28 U.S.C. § 1654; , 404 U.S. 519 (1972)), bring this verified action for willful negligence, misclassification, Fourteenth Amendment Due Process and Equal Protection violations (42 U.S.C. §§ 1981, 1983, 1985(3); U.S. Const. amend. XIV, § 1) addressing disparate treatment and invidious discriminatory animus tied to race, national origin, and perceived English-language barriers, Civil RICO predicate acts (18 U.S.C. §§ 1961–1964), and intrinsic and extrinsic fraud upon the court (Fed. R. Civ. P. 60(d)(3); , 98 U.S. 61 (1878); , 328 U.S. 575 (1946); , 486 U.S. 429 (1988); , 457 U.S. 800, 818 (1982)), placing the Court and Clerk on judicial notice (Fed. R. Evid. 201, 902(11)) of Petitioners' certified primary exhibits (148-page baseline, as shown in the Index and the numbered Exhibits given) and invoking federal All Writs / Mandamus emergency medical relief (28 U.S.C. §§ 1651(a), 1361; Fed. R. Civ. P. 70) from the May 5, 2026 Valdosta Emergency Mandamus.**Cristina Ponce***pro seHaines v. KernerUnited States v. ThrockmortonUniversal Oil Products Co. v. Root Refining Co.McCoy v. Court of Appeals of WisconsinHarlow v. Fitzgerald*

### 1. Proper Federal Venue, Compounded Irreparable Ongoing Physical Harm & Federal Jurisdiction Anchors:

**Proper Federal Venue — Valdosta Division (28 U.S.C. § 1391(b)(2) — Middle District of Georgia, Valdosta Division):** Both Ware County (Waycross, GA) and Lowndes County (Valdosta, GA) sit inside the Valdosta Division, and **Valdosta is the established judicial venue of record** by virtue of Petitioner's **official May 5, 2026 file-stamped Emergency Petition for Writ of Mandamus entered in Valdosta Superior Court (Lowndes County)** immediately following the Ware County Clerk's May 4, 2026 intake refusal, as shown in the Index and the numbered Exhibits given. Because a substantial part of the events, obstructions, and active file-stamped mandamus proceedings occurred in Valdosta, venue is strictly proper in the **Valdosta Division** without transfer or remand to Waycross.

**Closed Evidentiary Record at the Intersection of Transmittal — Collateral Show-Cause Posture (O.C.G.A. § 34-9-105(b) & (c); Fed. R. Civ. P. 60(d)(3) & 37(e)):** Upon the State Board's statutory transmittal of the record (October 14, 2026, as shown in the Index and the numbered Exhibits given), the evidentiary record on the underlying claim **closed as a matter of law**. Every door for opposing counsel to submit new merits evidence, back-fill omitted forms, or relitigate the January 9, 2021 injury is permanently shut. Respondents appear before this Federal Court in a strictly **collateral show-cause posture**—confined solely to answering for their own misconduct, the **26 counts** of fraud, and the unlawful severance of **51 pages** from the **148-page certified discovery baseline** (October 14, 2026, as shown in the Index and the numbered Exhibits given).

**2. Four Quad-Moot Order Dismissals, Violation of Extraordinary Emergency Mandamus, Compounded Irreparable Ongoing Physical Harm & Proper Valdosta Venue (28 U.S.C. §§ 1331, 1343(a)(3), 1391(b)(2), 1651(a); 42 U.S.C. § 1983; Fed. R. Civ. P. 70; U.S. Const. amends. I & XIV):**

Following the Ware County Clerk's May 4, 2026 five-step intake refusal (as shown in the Index and the numbered Exhibits given)—which compelled Petitioner to secure his **official May 5, 2026 file-stamped Emergency Petition for Writ of Mandamus (O.C.G.A. § 9-6-20) in Valdosta Superior Court (Lowndes County)**, anchoring **proper venue in the Valdosta Division (28 U.S.C. § 1391(b)(2))**—and a **repeated systemic pattern of three separate public-counter presentations on May 4, 2026, October 26, 2026, and November 2, 2026 witnessed in person by Petitioner's two children** under **unfiltered public accountability (Fed. R. Evid. 602)**, state judicial actors issued **four distinct summary/moot order dismissals** (mooting on **May 22, 2026** for **"no evidence"** under **O.C.G.A. § 9-15-2(d)** after staff refused Petitioner's evidence; plus the three out-of-sequence summary mooting orders stripping the **October 26, 2026** interception and **November 2, 2026** interlocutory filings without a hearing, as shown in the Index and the numbered Exhibits given). Crucially, Petitioner does **not** re-file a state-law Writ of Mandamus in this Federal Court; rather, Petitioner already properly invoked that extraordinary state emergency remedy in Superior Court (**O.C.G.A. § 9-6-20, May 5, 2026** Valdosta file-stamped Writ of Mandamus) because **a father of two children was in dire medical need of specialized bone-disease orthopedic intervention from the responsible party before further irreversible structural damage could occur**. By blocking Petitioner's radiology CD and certified evidence at the public counter while his two children stood beside him, mooting the extraordinary emergency writ for **"no evidence"** after barring that evidence, and issuing three more out-of-sequence summary mooting orders without a hearing, state actors inflicted **compounded irreparable ongoing physical harm on top of ongoing physical harm**—accelerating progressive degenerative bone disease and structural deterioration while stripping away the very emergency safeguard designed to stop it. In federal court, that state-court destruction of an extraordinary emergency remedy translates directly into **mandatory federal equitable and All Writs relief (28 U.S.C. § 1651(a); Fed. R. Civ. P. 70)**. Because **both named adult Co-Petitioners** (under **U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**, and *Christopher v. Harbury*), each of the four dismissals struck twice—once against Isac and once against Christina. Simultaneously, because **both minor children** stood physically beside their father at the public intake window across all **three public-counter obstructions**, every obstruction against the children is multiplied by **two (× 2)**: inflicting **six (6) individual First Amendment Open-Courts violations** and **eight (8) individual Fourteenth Amendment Familial Integrity violations**—yielding **fourteen (14) individual violations against the two children**. Together, the **ten (10) parental violations** and the **fourteen (14) child violations** establish the direct **twenty-four (24) cumulative constitutional violations** into U.S. District Court under **42 U.S.C. § 1983**.

**3. Compounded Irreparable Ongoing Physical Harm, Completed Exhaustion of State Remedies, and Individual Household Constitutional Violations (42 U.S.C. § 1983; 28 U.S.C. §§ 1651(a), 2201–2202; Fed. R. Civ. P. 60(d)(3) & 70):**

Petitioners seek civil rights liability under 42 U.S.C. § 1983, immediate mandatory equitable and All Writs enforcement (28 U.S.C. § 1651(a); Fed. R. Civ. P. 70) compelling urgent bone-disease orthopedic care, declaratory relief (28 U.S.C. §§ 2201–2202), and vacatur *ab initio* (Fed. R. Civ. P. 60(d)(3)) arising from the state actors' systematic obstruction across three courthouse presentations (May 4, October 26, and November 2, 2026) and four summary gatekeeping and quad-moot dismissal orders.

- **Household Fourteenth Amendment Violation Breakdown (20 Total Individual Violations Across Four Family Members):**
    - **First, as to the two named adult Co-Petitioners, Isac Rafael Gutierrez and Cristina Ponce:** Each of the four summary gatekeeping and quad-moot dismissal orders violated the Procedural Due Process and Access-to-Courts rights of both named adult petitioners individually (U.S. Const. amends. I & XIV; *Christopher v. Harbury*, 536 U.S. 403 (2002)), resulting in **eight (8) initial violations** (four against Isac and four against Cristina). Added to those eight violations is the **October 26, 2026 ministerial intake and docket-control omission**, when the Clerk struck through the caption line, stamped the receipt *"RECEIVED IN OFFICE THIS 26 DAY OF October 2026"*, and withheld tracking number **26 RN-001** from Petitioners' stamped receipt until November 3, 2026—inflicting **one (1) additional Fourteenth Amendment violation against Isac Rafael Gutierrez** and **one (1) additional Fourteenth Amendment violation against Cristina Ponce**. Together, these acts establish **ten (10) total Fourteenth Amendment violations against the two parents** (five against Isac Rafael Gutierrez and five against Cristina Ponce).
    - **Second, as to the two minor children present at the public intake window:** Because both minor children physically stood beside their father during the courthouse presentations and depend directly upon unimpeded judicial access for their medical and household stability, each of the three public-counter obstructions inflicted two individual First Amendment Public Access / Open Courts deprivations (**six (6) First Amendment violations** under *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)), while each of the four summary dismissals inflicted an independent Substantive Fourteenth Amendment Familial Integrity and Household deprivation upon each child (*Moore v. City of East Cleveland*, 431 U.S. 494 (1977)), resulting in **eight (8) initial Fourteenth Amendment violations** (four per child). The **October 26, 2026 unnumbered intake omission (26 RN-001)** inflicted **one (1) additional Fourteenth Amendment violation upon each of the two minor children** (+1 for Child 1 and +1 for Child 2), bringing the children's subtotal to **ten (10) total Fourteenth Amendment violations** (five per child).

- ◦ **Combined Household Total & Federal Jurisdictional Bridgeway:** Taken together across all four members of the petitioner household—Isac Rafael Gutierrez, Cristina Ponce, and their two minor children—the state actors' four quad-moot dismissals combined with the October 26, 2026 ministerial intake tracking omission (**26 RN-001**) establish **twenty (20) distinct individual Fourteenth Amendment violations** on the face of the record. The state court's quad-moot Fourteenth Amendment destruction of Petitioners' May 5, 2026 Valdosta Superior Court file-stamped Emergency Writ of Mandamus safeguard cemented proper venue in the Valdosta Division (28 U.S.C. § 1391(b)(2)) and established the direct federal jurisdictional bridgeway under 42 U.S.C. § 1983.
- **Independent Equitable Action for Fraud Upon the Court (Fed. R. Civ. P. 60(d)(3) & *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)):** Empowers a federal court to relieve a party from void orders procured through **Intrinsic Fraud and Extrinsic Fraud Upon the Court**, with zero statute of limitations.

**4. Supplemental Jurisdiction (28 U.S.C. § 1367(a)):**

Binds all Georgia state-law fraud, void contract/POA, fiduciary breach, IOLTA disgorgement ($90,931.88), and punitive damages claims (O.C.G.A. § 51-12-5.1) deriving from the same common nucleus of operative fact (2021–2026).

- **Inapplicability of *Rooker-Feldman* Abstention (*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004); *Browning v. Navarro*, 887 F.2d 553 (5th Cir. 1989)):** Extrinsic fraud upon a state tribunal is not barred by *Rooker-Feldman* because Petitioner attacks **void *ab initio* orders procured by corrupting the state judicial machinery itself**, not an honest merits judgment.

**5. Inextricably Intertwined Scheme / Doctrine of Infectious Invalidity (*Hazel-Atlas*, 322 U.S. at 246):**

Where **Intrinsic Fraud** (false statements inside documents) and **Extrinsic Fraud Upon the Court** (rigging the judicial pipeline, *ex parte* back-channeling, surgical-incapacity contract stacking, and severing **51 pages** out of a **148-page certified baseline** [148 − 97 = 51]) operate as one unified scheme, the entire 148-page record is tainted *ab initio* without requiring page-by-page segregation.

**6. Role of Georgia Citations (O.C.G.A. & State Board Rules):**

In federal court, Georgia statutes and State Board Rules serve strictly as the **underlying state-law predicates** proving that state actors and officers of the court acted *ultra vires* and corrupted the judicial process, triggering federal constitutional, equitable, and spoliation remedies.

## MODULE 1: INTRINSIC FRAUD VS. EXTRINSIC FRAUD UPON THE COURT

*Core Principle: Intrinsic fraud puts a lie inside a document; extrinsic fraud rigs the judicial pipeline so the truth and the litigant never reach the judge.*

- **Intrinsic Fraud ("Inside the Paper"):**
  - **Federal & Predicate Authorities:** *United States v. Throckmorton*, 98 U.S. 61 (1878); **Fed. R. Civ. P. 60(b)(3)**; **Fed. R. Evid. 104(a)**; **18 U.S.C. § 1341 / § 1343** (mail/wire fraud predicates); state predicates **O.C.G.A. § 9-11-60(d)(2) & (f)** and **O.C.G.A. § 34-9-19**.
  - **Application to Record:** Altered hospital records (16:10 "Home Repairs" entry), fabricated "Meth Withdrawal" addenda, fake $18.00/hr wage rates, self-contradicting WC-1 / WC-14 filings, mismatched top-center stamps between original and discovery copies of the 5/15/2021 stipulation, post-dated 5/17/2021 defense execution, and unauthenticated electronic ghost orders.
- **Extrinsic Fraud / Fraud Upon the Court ("Outside the Door / Rigging the Machinery"):**
  - **Federal & Predicate Authorities:** *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978); **Fed. R. Civ. P. 60(d)(3)**; **42 U.S.C. § 1983**; state predicates **O.C.G.A. § 9-11-60(a)** and **O.C.G.A. § 34-9-105(c)(2)**.
  - **Legal Effect: Zero statute of limitations.** Any order procured through extrinsic fraud upon the court is **void *ab initio*** (dead from inception) and can be attacked and vacated at any time.
  - **Application to Record:** Secret *ex parte* "efforts letters", closed-door hearings held *in absentia* without Zoom access or notice, unauthorized stacked contracts and unnotarized powers of attorney during surgical incapacity, manual reordering of file sequence, certified mail tampering, clerk counter obstruction, quad-moot destruction of an extraordinary emergency mandamus writ (**O.C.G.A. § 9-6-20**), and severing **51 pages** out of a **148-page certified discovery baseline** down to an **11-page transmittal**.

## MODULE 2: PROCEDURAL POSTURE, INCAPACITATION & FIRST-TIME FILE INSPECTION

*Core Principle: A litigant incapacitated under emergency surgeries is not in a concurrent adversarial proceeding; the legal clock runs from the first-ever inspection of the certified file.*

- **Procedural Posture Terminology:**
  - **Contested Adversarial Proceeding with Concurrent Participation:** Both sides are physically present, awake, un-sedated, and exchanging discovery in open proceedings.
  - **Post-Incapacitation First-Inspection Posture (*Ex Parte* Ambush):** The injured claimant is hospitalized under heavy surgical sedation while opposing counsel and unauthorized surrogates hold closed-door proceedings *in absentia*.

- **Federal Tolling, Discovery Rule & Spoliation Sanctions:**
  - ***Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)** (Federal Equitable Tolling Doctrine — federal statutes of limitations are automatically tolled while fraud remains concealed) & state predicate **O.C.G.A. § 9-3-90** (tolling during physical/surgical incapacity across 1/9/2021, 1/22/2021, and 4/12/2021).
  - **Federal Discovery Rule** & state predicate **O.C.G.A. § 9-3-96**: The legal clock runs from the first-ever inspection of the certified record (March 2026).
  - **Fed. R. Civ. P. 37(e)** & state predicate **O.C.G.A. § 24-14-22**: Federal duty to preserve evidence and mandatory adverse-inference sanctions for spoliation (severing **51 pages** after the March 2026 request).

## MODULE 3: UNAUTHORIZED SURROGATE REPRESENTATION & *EX PARTE* BACK-CHANNELING

*Core Principle: An attorney appearing behind closed doors without client notice, Zoom access, or consent acts ultra vires and cannot bind the client.*

- **Federal Due Process & Lack of Agency Authority:**
  - **U.S. Const. amend. XIV (Due Process Clause) & 42 U.S.C. § 1983:** Guarantees personal notice and a meaningful opportunity to be heard at every critical stage.
  - ***Pembroke State Bank v. Warnell*, 266 Ga. 819 (1996)** (governing Georgia agency rule applied via **28 U.S.C. § 1367(a)**): An attorney has zero authority to compromise or bind a client's substantial rights without the client's knowledge and express consent.
- **Prohibition on Secret *Ex Parte* "Efforts Letters":**
  - ***In re Murchison*, 349 U.S. 133 (1955)** (Fourteenth Amendment guarantee of a neutral, uncorrupted tribunal), **ABA Model Rule of Professional Conduct 3.5(b)**, & state predicates **Georgia Code of Judicial Conduct Rule 2.9** and **State Board Rule 61**: Strictly prohibit private, off-the-record communications between counsel and the judge without notice to the party. Babson's 2/17/2021 letter coordinating with defense counsel Prescott / Sutton Law "`on a common cause`" and requesting attorney fees in sentence one constitutes **Extrinsic Fraud Upon the Court** under **Fed. R. Civ. P. 60(d)(3)**.

## MODULE 4: CONSTITUTIONAL PROTECTION OF *PRO SE* LITIGANTS & PUBLIC SPEECH

*Core Principle: Federal law forbids second-class treatment of pro se citizens and protects truthful public documentation on social media.*

- **Pro Se Equal Standing & Federal Access to Courts:**
  - ***Haines v. Kerner*, 404 U.S. 519, 520 (1972):** Binding Supreme Court mandate requiring federal courts to hold *pro se* pleadings to less stringent standards than formal lawyer-drafted pleadings and to adjudicate the substance of the evidence.
  - **28 U.S.C. § 1654** & state predicate **Ga. Const. Art. I, Sec. I, Par. XII**: Statutory and constitutional guarantee of every citizen's right to plead and manage their own case personally in court.
  - ***Christopher v. Harbury*, 536 U.S. 403 (2002), *Bounds v. Smith*, 430 U.S. 817 (1977), *Tumey v. Ohio*, 273 U.S. 510 (1927), & 42 U.S.C. § 1983:** Clerk counter blockades (May 4, 2026), arbitrary intake firewalls, mooting an extraordinary emergency writ (**O.C.G.A. § 9-6-20**), and unequal treatment under color of state law violate First and Fourteenth Amendment Access to Courts and Due Process.
- **Federal Courtroom Decorum vs. First Amendment Public Updates:**
  - **18 U.S.C. § 401 & Fed. R. Civ. P. 11:** Federal courtroom decorum and formal pleading standards governing conduct inside federal court.
  - **U.S. Const. amend. I & *Cohen v. California*, 403 U.S. 15 (1971):** Protects passionate, blunt, or profane public commentary by a citizen speaking out on social platforms.
  - **O.C.G.A. § 51-5-6** (via **28 U.S.C. § 1367(a)**): Truth is an absolute defense to any claim of slander or defamation.

## MODULE 5: PRE-EMPTIVE EVIDENTIARY FIREWALL — VIDEO SURVEILLANCE, COMPLETENESS & METADATA AUTHENTICATION

*Core Principle: Opposing counsel cannot cherry-pick edited clips; federal evidence rules force the full unedited recording onto the record.*

- **Clarification of Scope (Pre-Emptive Firewall Only):**
  - Petitioner does **not** allege that altered video surveillance currently exists inside the 148-page certified discovery baseline (as shown in the Index and the numbered Exhibits given). This module serves strictly as a **pre-emptive evidentiary firewall** to foreclose any attempt by opposing counsel to smuggle out-of-context surveillance clips, edited audio, or post-hoc screenshots into federal show-cause or Rule 60(d)(3) proceedings.
- **Federal Rule of Completeness & Metadata Integrity (If Collateral Media Is Attempted):**
  - **Fed. R. Evid. 106 & O.C.G.A. § 24-1-106:** Compels contemporaneous production of the entire unedited recording if any fragment is offered.
  - **Fed. R. Evid. 901(b)(1), 901(b)(9), 902(13)–(14) & 104(a):** Requires native file hashes, intact timestamps, and a preliminary judicial authenticity ruling before any digital media may be considered.

- - **Fed. R. Civ. P. 11 & 28 U.S.C. § 1927:** Sanctions against counsel for attempting to expand a closed record or submit misleading exhibits.

## MODULE 6: SURGICAL INCAPACITY, ELECTRONIC SIGNATURES, POWERS OF ATTORNEY, FEE-SPLIT VIOLATIONS & SIX-YEAR BANKING TRAIL

*Core Principle: Every electronic signature timestamped during hospitalization proves predatory procurement during surgical incapacity, while federal banking rules lock in six years of un-erasable financial records.*

- **Incapacity, Duress & Fraud in the Inducement (Adjudicated via 28 U.S.C. § 1367(a)):**
  - **O.C.G.A. § 13-3-1 & § 13-3-2:** Contracts require mutual assent by parties capable of contracting.
  - **O.C.G.A. § 13-3-24 & Restatement (Second) of Contracts § 15:** Instruments executed while incapacitated by catastrophic trauma and heavy anesthesia (`Propofol, Fentanyl, IV Ketamine`) across surgeries on 1/9/2021, 1/22/2021, and 4/12/2021 are void/voidable for lack of capacity.
  - **O.C.G.A. § 13-5-6** (Duress), **O.C.G.A. § 23-2-52** (Fraud in the Inducement / Bait-and-Switch), **O.C.G.A. § 23-2-58** (Confidential Fiduciary Relations), & **O.C.G.A. § 23-2-51** (Constructive Fraud): Invalidates contracts and stipulations extracted during unnotified benefit cutoffs and within 33 days of major revision surgery (5/15/2021).
- **Electronic Signature Limits, Void Powers of Attorney & Fee Caps:**
  - **Federal E-SIGN Act (15 U.S.C. § 7001 et seq.) & Georgia Uniform Electronic Transactions Act (O.C.G.A. § 10-12-5(b) & § 10-12-9(a)):** An electronic signature is valid only for the specific agreement the party actually agreed to execute electronically (1/13/2021 single intake), backed by an uncorrupted audit trail—it cannot be cloned onto extra retainers or hidden powers of attorney.
  - **Georgia Uniform Power of Attorney Act (O.C.G.A. § 10-6B-5):** A valid Power of Attorney **must be signed by the principal, attested by an unofficial witness, AND acknowledged before a Notary Public**. Hidden Power of Attorney clauses/paragraphs buried inside all three electronic agreements—(1) Bader Scott's 1/13/2021 joint representation contract (bearing co-counsel Rocky Babson's signature page), (2) Perry Dean Ellis's subsequent 4/9/2021 2-page electronic employment contract, and (3) Rocky Babson's separate post-Ellis 4/13/2021 contract—without notarization or witness attestation are **void *ab initio***.
  - **O.C.G.A. § 34-9-108(a), O.C.G.A. § 15-19-14, & O.C.G.A. § 34-9-15:** Workers' compensation attorney fees are **strictly capped at 25% of recovery** and require formal Board approval; claiming a **50% lien** or filing premature fee approvals (WC-108 / WC-108A) is facially unlawful, and no stipulation is valid without formal Board signature (O.C.G.A. § 34-9-15).

- - **Georgia Rules of Professional Conduct Rules 1.4, 1.5(e), 1.7 & 1.14:** Prohibits secret fee splits and unconsented firm handoffs across Bader Scott (1/13/2021 joint contract with co-counsel Rocky Babson), Perry Dean Ellis (4/9/2021 contract), and Rocky Babson (4/13/2021 separate contract) without separate informed written client consent (Rule 1.5(e)), makes withholding medical records a fiduciary breach (Rule 1.4), forbids adverse coordination with defense counsel (Rule 1.7), and mandates protecting impaired clients (Rule 1.14).
- **Six-Year Immutable Banking & IOLTA Audit Trail:**
  - **Bank Secrecy Act (31 U.S.C. § 5311 et seq.; 31 C.F.R. § 1010.430), Fed. R. Civ. P. 26 & 45** (Federal Subpoena Power), & **Ga. Bar Rule 1.15(II)** (IOLTA Recordkeeping): Mandates 5-to-7-year retention of all wire, ACH, check, and trust-account ledgers ($90,931.88 SunTrust IOLTA / Greenville, SC trail and WC-4 payouts across 2021–2026, as shown in the Index and the numbered Exhibits given), verified directly against Petitioner's preserved personal joint checking account records.

## MODULE 7: SELF-AUTHENTICATING PRIMARY MEDICAL RECORDS VS. PAID EXAMINERS & URGENT BONE-DISEASE REMEDIATION

*Core Principle: Credential-obtained certified hospital records and radiology reports prove injury, causation, and progressive bone disease directly under the Federal Rules of Evidence—requiring immediate mandatory equitable remediation without expensive hired examiners.*

- **Federal Admissibility & Self-Authentication of Primary Medical & Diagnostic Records:**
  - **Fed. R. Evid. 803(4)** (Statements Made for Medical Diagnosis or Treatment).
  - **Fed. R. Evid. 803(6)** (Records of a Regularly Conducted Activity—EMS run sheets, ED physician notes, surgical operative reports, CT/radiology reports).
  - **Fed. R. Evid. 901 & 902(11)** (Self-Authentication of Certified Domestic Business Records via Custodian Certification).
- **Translation of Obstructed Superior Court Emergency Mandamus (O.C.G.A. § 9-6-20) Into Mandatory Federal Equitable Relief (28 U.S.C. § 1651(a); Fed. R. Civ. P. 70):**
  - Because state actors suppressed and mooted Petitioner's **May 5, 2026 Emergency Petition for Writ of Mandamus**—an extraordinary special remedy sought specifically so a father of two children could reach a **bone-disease specialist** before further structural collapse—that obstruction inflicted **compounded irreparable ongoing physical harm on top of ongoing physical harm**. Under **28 U.S.C. § 1651(a)** (All Writs Act) and **Fed. R. Civ. P. 70**, this U.S. District Court possesses direct mandatory equitable authority to compel immediate specialized bone-disease orthopedic care from the responsible party without re-litigating the 2021 accident.

## MODULE 8: MASTER CHRONOLOGICAL & PAGE-BY-PAGE FORENSIC AUDIT GRID

*(Every Verified Date, Index Page, Discovery Sequence Entry, Contract & Obstruction Mapped Under Intrinsic vs. Extrinsic Fraud — Federal Venue & State Predicate Citations)*

| SEQ / PAGE | DATE | DOCUMENT / FORM | FORENSIC DEFECT & MANIPULATION | FRAUD PILLAR & CONTROLLING LAW |
|---|---|---|---|---|
| **Top Anchor #1** (As shown in the Index and the numbered Exhibits given) | **1/9/2021** (10:52 AM – 16:10) | Catastrophic Worksite Injury, Report to **Mr. Eddie Luna**, & Hospital ED Alteration | Catastrophic fall occurs on the jobsite and is **reported immediately to supervisor Mr. Eddie Luna**; hospital ED records 10:52 AM worksite fall, 0.0% EMS tox screen, and 57% articular blowout, before being altered at 16:10 to `"Home Repairs"` with a fake `"Meth Withdrawal"` addendum (as shown in the Index and the numbered Exhibits given). | **Intrinsic Fraud: Fed. R. Civ. P. 60(b)(3); Fed. R. Evid. 803(4), 803(6), 902(11);** state predicates `O.C.G.A. § 34-9-80, § 34-9-19` |
| **Top Anchor #2** | **Monday, 1/11/2021** | General Contractor Site Access & Tool Retrieval by Petitioner's Sister & Co-Petitioner Christina Ponce | First business day after the fall; Petitioner's sister and Co-Petitioner **Christina Ponce** go onto the active jobsite to pick up Petitioner's personal tradesman tools—**proving actual contemporaneous knowledge and site-control verification by the General Contractor (W.H. Gross)** and establishing the Monday reporting trigger for Form WC-1. | **Intrinsic & Extrinsic Fraud: Fed. R. Evid. 801(d)(2); 29 C.F.R. § 1904.39;** state predicates `O.C.G.A. § 34-9-8, § 34-9-12(a)` |
| **Omitted from Front** | **1/13/2021** | True Single Electronic Intake (Bader Scott) | Only authorized intake signed while immobilized post-surgery (unable to travel to Atlanta); buried behind back-dated filings. | **Extrinsic Fraud: 15 U.S.C. § 7001** (E-SIGN Act); **28 U.S.C. § 1367(a);** state predicates `O.C.G.A. § 10-12-9(a)`, `Ga. Bar Rule 1.5(e)` |

| SEQ / PAGE | DATE | DOCUMENT / FORM | FORENSIC DEFECT & MANIPULATION | FRAUD PILLAR & CONTROLLING LAW |
|---|---|---|---|---|
| **Surgery #2** | **1/22/2021** | Second Major Orthopedic Surgery | Patient undergoing second limb-salvage operation under heavy anesthesia while counsel prepares closed-door filings without client presence. | **Extrinsic Fraud: *Holmberg v. Armbrecht*, 327 U.S. 392;** state predicates O.C.G.A. § 9-3-90, § 13-3-24 |
| **Index Page 1** | **1/27/2021** | Form WC-14 (Claim of Injury / Hearing Request) | Filed solely under **"I, Rocky Babson"**—omitting lead firm **Bader Scott** and placed *ahead* of any Notice of Representation (Page 9). | **Extrinsic & Intrinsic Fraud: U.S. Const. amend. XIV; 28 U.S.C. § 1367(a);** state predicates State Board Rule 102(a), Ga. Bar Rule 1.5(e) |
| **Index Page 3** | **1/27/2021** | Second Form WC-14 (Same Day) | Mutually contradicting second WC-14 filed on the exact same date without client notice, service, or consent. | **Intrinsic Fraud: Fed. R. Civ. P. 60(b)(3);** state predicates State Board Rule 60(c), O.C.G.A. § 34-9-19 |
| **Index Page 5** | **1/27/2021** | Solo Attorney Fee Contract (Babson) | Placed ahead of representation notice (Page 9) and back-dated away from the true 1/13/2021 **Bader Scott** intake. | **Extrinsic Fraud: 15 U.S.C. § 7001; 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 13-3-24, § 10-12-9 |
| **Index Page 7** | **1/28/2021** | Form WC-1 (Employer's First Report) | Filed late past the 1/11/2021 Monday notice and 10-day deadline (1/19/2021); out of multiple conflicting forms filed to see what would stick, Respondents cherry-picked this sole WC-1 on the Index claiming "Entire Case Controverted" and that Petitioner was not an employee, while hiding all other conflicting WC-1 filings inside the 148-page baseline (as shown in the Index and the numbered Exhibits given). | **Intrinsic & Extrinsic Fraud: Fed. R. Civ. P. 37(e); Fed. R. Civ. P. 60(d)(3);** state predicates O.C.G.A. § 34-9-12(a), § 34-9-105(b), § 24-14-22 |

| SEQ / PAGE | DATE | DOCUMENT / FORM | FORENSIC DEFECT & MANIPULATION | FRAUD PILLAR & CONTROLLING LAW |
|---|---|---|---|---|
| **Index Page 9** | **1/28/2021** | Notice of Representation (Bader Scott & Babson) | Buried on **Page 9** ***after*** WC-14 filings (Pages 1 & 3) and misdated 1/28/2021 to mask the 1/13/2021 original contract. | **Extrinsic Fraud: U.S. Const. amend. XIV;** state predicates State Board Rule 102(a), Ga. Bar Rule 1.4 |
| **Index Page 10** | **2/12/2021** | "Another Claim for Injury at Work" (WC-14) | Third conflicting WC-14 filed while hospitalized/recovering, without notice, Zoom access, or consent. | **Intrinsic & Extrinsic Fraud: U.S. Const. amend. XIV; *Pembroke State Bank v. Warnell*, 266 Ga. 819 (*ultra vires*)** |
| **Index Pages 12 & 14** | **2/17/2021** | *Ex Parte* "Efforts Letter" & 4-Page Interlocutory Consent Order | Sent **26 days after Jan. 22 surgery**; sentence one asks the judge for attorney fees, then coordinates with defense counsel **(Prescott / Sutton Law)** "on a common cause"; duplicate entries (Pages 12 & 14) enter an **unsigned** 4-page order cutting wages to $18.00/hr. | **Extrinsic & Intrinsic Fraud: Fed. R. Civ. P. 60(d)(3); *Hazel-Atlas Glass Co.*, 322 U.S. 238; *In re Murchison*, 349 U.S. 133;** state predicates Ga. Judicial Conduct Rule 2.9, State Board Rule 61 |
| **Index Pages 18, 19, 21, 23** | **2/17/2021** | Form WC-108 / WC-108A Fee Approval + 3 Attachments | Premature fee approval (Page 18) and 3 attachments (Pages 19, 21, 23) pushed onto docket the same day—backed by an unlawful **50% fee lien** claim before any indemnity checks were paid or milestones reached. | **Extrinsic & Intrinsic Fraud: Fed. R. Civ. P. 60(d)(3); 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 34-9-108(a) (25% cap), § 15-19-14, Ga. Bar Rule 1.7 |
| **Discovery Seq #4** | **2/18/2021** | Form WC-2 (Benefits Being Paid — Cindy Sperling) | Admits employment & starts TTD at **$576.00/wk** (exact 2/3 of fake $18/hr rate from unsigned 2/17 order), contradicting 1/28 WC-1 non-employee denial and shortchanging the $675.00/wk statutory max. | **Intrinsic Fraud: Fed. R. Civ. P. 60(b)(3); 18 U.S.C. § 1341;** state predicates O.C.G.A. § 34-9-261, § 34-9-19 |

| SEQ / PAGE | DATE | DOCUMENT / FORM | FORENSIC DEFECT & MANIPULATION | FRAUD PILLAR & CONTROLLING LAW |
|---|---|---|---|---|
| **Discovery Seq #5 *(Out of Order)*** | **4/9/2021** | Perry Dean Ellis, P.C. 2-Page Contract + Hidden POA | Placed *ahead* of 3/17/2021 suspension in file; exploits emergency advice call after unnotified cutoff, induces termination notice to Babson, slips in an **unnotarized, unwitnessed Power of Attorney**, and backs down on a three-way call. | **Extrinsic Fraud: 28 U.S.C. § 1367(a);** state predicates `O.C.G.A. § 10-6B-5 (void unnotarized POA), O.C.G.A. § 23-2-52, Ga. Bar Rules 1.4, 1.5(e), 1.7` |
| **Discovery Seq #6 *(Out of Order)*** | **4/13/2021** | Squeezed Bader Scott / Rocky Babson Retainer | Slid into file **1 day after Petitioner's April 12, 2021 third surgery** (as shown in the Index and the numbered Exhibits given) following the three-way phone call, placed *ahead* of 3/17/2021 suspension while heavily sedated. | **Extrinsic Fraud: 28 U.S.C. § 1367(a);** state predicates `O.C.G.A. § 13-3-24 (surgical incapacity), Ga. Bar Rule 1.14` |
| **Discovery Seq #7 *(Out of Order)*** | **3/17/2021 & 3/18/2021** | Form WC-2 (Benefits Will Be Suspended — Ryan Prescott) | Defense counsel **Ryan Prescott** suspends benefits using fabricated drug-screen excuse (contradicted by 1/9/2021 0.0% EMS tox screen); **never served on claimant** and buried *after* the April contracts in the file sequence. | **Extrinsic & Intrinsic Fraud: U.S. Const. amend. XIV; Fed. R. Civ. P. 60(b)(3);** state predicates `State Board Rule 221(c), O.C.G.A. § 34-9-221(i), § 34-9-108(b)(1)` |
| **Discovery Seq #8 & #9** | **5/15/2021** | No-Liability Stipulation (2 Pages) — **Original vs. Discovery Copy** | **Two physically mismatched unexecuted versions:** Petitioner's original copy has a lifted top-center stamp and **no judge's signature / no clerk FILED stamp**; the SBWC discovery copy has **no stamp at top center on Page 1** and **no judge's signature on Page 2**, paired with $90,931.88 IOLTA routing (as shown in the Index and the numbered Exhibits given). | **Intrinsic & Extrinsic Fraud: Fed. R. Civ. P. 60(d)(3); 31 U.S.C. § 5311; 28 U.S.C. § 1367(a);** state predicates `O.C.G.A. § 34-9-15, § 13-5-6, Ga. Bar Rule 1.15(II)` |

| SEQ / PAGE | DATE | DOCUMENT / FORM | FORENSIC DEFECT & MANIPULATION | FRAUD PILLAR & CONTROLLING LAW |
|---|---|---|---|---|
| **Discovery Seq #10** | **5/15/2021 & 5/17/2021** | "Throwaway Sheet" (Signed by Ryan G. Prescott on 5/17/2021) | Separate signature/transmittal sheet dated 5/15/2021 but executed by defense counsel **Ryan G. Prescott two days later on 5/17/2021,** proving post-hoc assembly. | **Intrinsic & Extrinsic Fraud: Fed. R. Civ. P. 60(d)(3); Fed. R. Evid. 901;** state predicate State Board Rule 102 |
| **Discovery Seq #11** | **06/10/2021, 01/04/2023, 01/06/2023** | Final Three Form WC-4 Progress Report Payouts | Three post-stipulation WC-4 payout reports filed between June 2021 and January 2023 (two filed **48 hours apart**) without a judge-signed settlement order or client accounting. | **Intrinsic & Extrinsic Fraud: 31 U.S.C. § 5311; 28 U.S.C. § 1367(a);** state predicates State Board Rule 221, O.C.G.A. § 34-9-15 |
| **As shown in the Index and the numbered Exhibits given** | **4/21 – 11/2026** | Mail Tampering, May 4 Obstruction, Emergency Mandamus Mooting & 51-Page Severance | Certified mail returned after signature, Ware County Clerk refusal on May 4, quad-moot destruction of the May 5, 2026 Emergency Mandamus sought for urgent bone-disease care, and severing **51 pages** from the 148-page baseline to transmit an **11-page shell** (as shown in the Index and the numbered Exhibits given). | **Extrinsic Fraud Upon the Court: 42 U.S.C. § 1983; 28 U.S.C. § 1651(a); Fed. R. Civ. P. 37(e), 60(d)(3), 70; *Christopher v. Harbury*, 536 U.S. 403;** state predicates O.C.G.A. § 9-6-20, § 24-14-22, § 34-9-105(c)(2) |

## EXACT 26-COUNT ITEMIZED FEDERAL INDICTMENT LEDGER (COUNTS 1–26)

### Part I: Intrinsic Fraud — 9 Exact Counts (Counts 1–9)

*(False statements, altered narratives, fake wage rates, self-contradicting statutory forms, and defective stamps placed inside documents — Governed by Fed. R. Civ. P. 60(b)(3), Fed. R. Evid. 803/901/902, 18 U.S.C. § 1341, & 28 U.S.C. § 1367(a))*

1. **Count 1 (1/9/2021 at 16:10 — as shown in the Index and the numbered Exhibits given):** Altering the 10:52 AM worksite fall entry (as shown in the Index and the numbered Exhibits given) to a fabricated "Home Repairs" narrative (**Fed. R. Civ. P. 60(b)(3); Fed. R. Evid. 803(6);** state predicate O.C.G.A. § 34-9-19).

2. **Count 2 (1/9/2021 — as shown in the Index and the numbered Exhibits given):** Inserting Dr. Susan Brickle's fabricated "Meth Withdrawal" hospitalist addendum in direct contradiction to the 0.0% EMS toxicology baseline (as shown in the Index and the numbered Exhibits given) (**Fed. R. Civ. P. 60(b)(3); Fed. R. Evid. 902(11);** state predicate O.C.G.A. § 34-9-19).

3. **Count 3 (1/9/2021 — as shown in the Index and the numbered Exhibits given):** Falsifying discharge readiness while concealing the CT-confirmed 57% articular blowout (as shown in the Index and the numbered Exhibits given) (**Fed. R. Civ. P. 60(b)(3);** state predicate O.C.G.A. § 34-9-19).

4. **Count 4 (1/27/2021 – Index Page 3):** Filing a second, mutually contradicting Form WC-14 on the exact same day as Index Page 1 (**Fed. R. Civ. P. 60(b)(3);** state predicates State Board Rule 60(c), O.C.G.A. § 34-9-19).

5. **Count 5 (1/28/2021 – Index Page 7):** Falsely stating on Form WC-1 that Petitioner was "not an employee" and controverting the entire claim despite Day-1 supervisor notice to **Mr. Eddie Luna** (1/9/2021) and Monday jobsite tool pickup by Petitioner's sister and Co-Petitioner **Christina Ponce** (1/11/2021) (**Fed. R. Civ. P. 60(b)(3); Fed. R. Evid. 801(d)(2);** state predicates O.C.G.A. § 34-9-19, § 34-9-108(b)(1)).

6. **Count 6 (2/17/2021 – Index Pages 12 & 14):** Inserting a fabricated $18.00/hr wage rate (replacing Petitioner's true $42.00/hr master tradesman rate) into an unsigned 4-page Interlocutory Consent Order (**Fed. R. Civ. P. 60(b)(3);** state predicate O.C.G.A. § 34-9-260).

7. **Count 7 (2/18/2021 – Form WC-2):** Filing Form WC-2 (Cindy Sperling) admitting employment and setting TTD at $576.00/wk (derived from the fake $18.00/hr rate), directly contradicting the 1/28/2021 non-employee WC-1 and underpaying the $675.00/wk statutory max (**Fed. R. Civ. P. 60(b)(3); 18 U.S.C. § 1341;** state predicates O.C.G.A. § 34-9-261, § 34-9-19).

8. **Count 8 (3/17/2021 & 3/18/2021 – Form WC-2):** Defense counsel **Ryan Prescott** filing a benefit suspension citing a fabricated positive drug screen contradicted by the 1/9/2021 0.0% EMS toxicology record (**Fed. R. Civ. P. 60(b)(3);** state predicates O.C.G.A. § 34-9-19, § 34-9-108(b)(1)).

9. **Count 9 (5/15/2021 & 5/17/2021 – Two-Copy Stipulation Mismatch & Throwaway Sheet):** Placing a lifted top-center pseudo-stamp with **no judge's signature and no clerk FILED stamp** on Petitioner's original 2-page stipulation while maintaining a **second, stamp-less version** in the SBWC discovery file, paired with **Ryan G. Prescott** executing the 5/15/2021 "throwaway sheet" two days later on **5/17/2021** (**Fed. R. Civ. P. 60(b)(3); Fed. R. Evid. 901;** state predicates O.C.G.A. § 34-9-15, § 34-9-19).

**Part II: Extrinsic Fraud Upon the Court — 17 Exact Counts (Counts 10–26)**

*(Corrupting the judicial machinery, secret ex parte back-channeling, surgical-incapacity contract stacking, certified mail tampering, clerk counter obstruction, quad-moot destruction of an extraordinary emergency bone-disease writ, and severing 51 pages from the certified file — Governed by Fed. R. Civ. P. 60(d)(3), Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), 42 U.S.C. § 1983, 28 U.S.C. § 1651(a), Fed. R. Civ. P. 37(e) & 70, & 28 U.S.C. § 1367(a) — Zero Statute of Limitations; Void Ab Initio)*

10. **Count 10 (1/9/2021 – 1/11/2021 – Statutory Employer Conflict & OSHA Concealment):** Statutory employer **W.H. Gross** concealing his Southeast Georgia Health System / Southeast Georgia Health, PO Box 744212 board/leadership conflict (O.C.G.A. § 14-2-830) and failing to report Petitioner's hospitalization to OSHA within 24 hours (**29 C.F.R. § 1904.39**) despite actual site knowledge on 1/9/2021 (Mr. Eddie Luna) and 1/11/2021 (Petitioner's sister and Co-Petitioner **Christina Ponce**) (**28 U.S.C. § 1367(a)**).
11. **Count 11 (1/11/2021 – 1/28/2021 – Statutory WC-1 Reporting Default):** Withholding the mandatory Form WC-1 past the Monday 1/11/2021 business-day notice and past the 10-day statutory deadline (1/19/2021) until 1/28/2021 (**28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 34-9-12(a), § 34-9-18(a)).
12. **Count 12 (1/13/2021 vs. 1/27/2021 Index Pages 1, 5, 9 – Retroactive Docket Inversion):** Concealing Petitioner's single authorized electronic intake with **Bader Scott** (1/13/2021), filing Form WC-14 (Page 1) and a solo fee contract (Page 5) solely under **Rocky Babson** *before* any Notice of Representation, and burying the joint Bader Scott / Babson Notice of Representation on Page 9 misdated 1/28/2021 (**15 U.S.C. § 7001; Fed. R. Civ. P. 60(d)(3);** state predicates State Board Rule 102(a), Ga. Bar Rule 1.5(e)).
13. **Count 13 (2/12/2021 – Index Page 10):** Filing "Another Claim for Injury at Work" (WC-14) behind closed doors while Petitioner was recovering from the 1/22/2021 second surgery without notice, Zoom access, or consent (**U.S. Const. amend. XIV; Fed. R. Civ. P. 60(d)(3);** *Pembroke State Bank v. Warnell*, 266 Ga. 819).
14. **Count 14 (2/17/2021 – *Ex Parte* "Efforts Letter"):** Rocky Babson writing secretly behind Petitioner's back to ALJ Jerome Stenger—requesting attorney fees in sentence one and coordinating with defense counsel (**Prescott / Sutton Law**) "on a common cause" (**Fed. R. Civ. P. 60(d)(3); *Hazel-Atlas Glass Co.*, 322 U.S. 238; *In re Murchison*, 349 U.S. 133;** state predicates Ga. Judicial Conduct Rule 2.9, State Board Rule 61).
15. **Count 15 (2/17/2021 – Index Pages 12 & 14):** Entering duplicate docket entries (Pages 12 & 14) for an **unsigned** 4-page Interlocutory Consent Order procured *in absentia* without notice, Zoom access, or client assent (**U.S. Const. amend. XIV; Fed. R. Civ. P. 60(d)(3);** state predicate O.C.G.A. § 9-11-60(a)).

16. **Count 16 (2/17/2021 – Index Pages 18, 19, 21, 23):** Pushing through Form WC-108 / WC-107 Attorney Fee Approval with three attachments (Pages 18–23) and asserting an unlawful **50% fee lien** (double the 25% statutory maximum) before any indemnity benefits were paid or milestones reached (**Fed. R. Civ. P. 60(d)(3); 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 34-9-108(a), § 15-19-14).

17. **Count 17 (3/17/2021 & 3/18/2021 – Unnotified Benefit Cutoff):** Suspending weekly indemnity benefits without serving Form WC-2 or giving the mandatory 10-day advance notice (**U.S. Const. amend. XIV; 28 U.S.C. § 1367(a);** state predicates State Board Rule 221(c), O.C.G.A. § 34-9-221(i)).

18. **Count 18 (4/9/2021 – Perry Dean Ellis, P.C. Bait-and-Switch Contract & Unnotarized POA):** Exploiting an emergency advice call prior to Petitioner's 4/12/2021 third surgery by inducing a termination notice to Babson, slipping an **unnotarized, unwitnessed Power of Attorney** into a 2-page contract, and pulling/withholding Petitioner's medical records behind Petitioner's back (**28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 10-6B-5, § 23-2-52, Ga. Bar Rules 1.4, 1.5(e)).

19. **Count 19 (4/9/2021 – 4/13/2021 – Three-Way Call Re-Lock, Squeezed Contract & WC-108A Fee Lien):** Backing down on a three-way call to re-lock Petitioner with Babson, extracting a squeezed replacement contract on **4/13/2021 (1 day after Petitioner's 4/12/2021 third surgery while heavily sedated)**, filing Form WC-108A upon receiving termination notice while claiming "95% done", and reordering the April contracts *ahead* of the 3/17/2021 suspension in the file (**Fed. R. Civ. P. 60(d)(3); 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 13-3-24, Ga. Bar Rule 1.14).

20. **Count 20 (5/15/2021 – Post-Surgical Duress & $90,931.88 IOLTA Routing — as shown in the Index and the numbered Exhibits given):** Weaponizing frozen checks within 33 days of Petitioner's 4/12/2021 revision surgery to extract a No-Liability Stipulation without a judge's signature while routing $90,931.88 through SunTrust IOLTA / Greenville, SC banking channels (as shown in the Index and the numbered Exhibits given) (**31 U.S.C. § 5311; 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 13-5-6, § 23-2-58, Ga. Bar Rule 1.15(II)).

21. **Count 21 (06/10/2021, 01/04/2023, 01/06/2023 – Unaccounted Post-Stipulation Form WC-4 Payouts):** Filing three post-stipulation Form WC-4 payout reports across 2021–2023 (including two 48 hours apart in January 2023) without a judge-signed settlement approval or client accounting (**31 U.S.C. § 5311; 28 U.S.C. § 1367(a);** state predicates O.C.G.A. § 34-9-15, State Board Rule 221).

22. **Count 22 (4/21/2026 – 5/4/2026 – USPS Certified Mail Tampering, as shown in the Index and the numbered Exhibits given):** Babson signing for certified process on 4/21 and re-signing on 5/1 marked "Return to User", and Bader signing on 4/24 before returning the parcel marked "Return to Sender" on 5/4 (**Fed. R. Civ. P. 37(e); 18 U.S.C. § 1708;** state predicate O.C.G.A. § 24-14-22).

23. **Count 23 (5/4/2026 at 3:03 PM, 10/26/2026, & 11/2/2026 – Repeated Pattern of Courthouse Obstruction & Suppression of Emergency Mandamus Witnessed Across Three Dates by Petitioner's Two Children, as shown in the Index and the numbered Exhibits given):** Clerk and judicial chambers staff physically refusing to accept, file-stamp, or docket named Co-Petitioners Isac Rafael Gutierrez and Cristina Ponce's extraordinary **Emergency Petition for Writ of Mandamus (O.C.G.A. § 9-6-20)** sought for urgent **bone-disease specialist care**, Memorial Satilla radiology CD, USPS green cards, and subsequent October 26 and November 2 packets—inflicting **compounded irreparable ongoing physical harm** while **witnessed firsthand across all three public-counter dates by Petitioner's two children under unfiltered public accountability** (Fed. R. Evid. 602), multiplying every violation against the **two children by two (× 2)** (2 children × 3 public-counter obstructions = 6 individual First Amendment Public Access / Open Courts violations under *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), plus 2 children × 4 quad-moot dismissals = 8 individual Substantive Fourteenth Amendment Familial Integrity & Household deprivations under *Moore v. City of East Cleveland*, 431 U.S. 494 (1977)) while inflicting **8 direct Procedural Due Process & Access-to-Courts violations** against the **two named individual co-petitioners** (2 individuals [Isac & Christina] × 4 quad-moot dismissals = 8) (**42 U.S.C. § 1983; 28 U.S.C. § 1651(a); Fed. R. Civ. P. 70; U.S. Const. amends. I & XIV; *Christopher v. Harbury*, 536 U.S. 403; *Haines v. Kerner*, 404 U.S. 519**).

24. **Count 24 (5/12/2026 & 9/24/2026 – Unauthenticated Electronic Ghost Orders):** Generating administrative orders carrying only electronic signatures while stripped of mandatory regional FILED blocks and circular intake seals (**42 U.S.C. § 1983; Fed. R. Civ. P. 60(d)(3);** state predicate O.C.G.A. § 9-11-60(a)).

25. **Count 25 (10/14/2026 – Severing 51 Pages & Intercepting/Falsifying Statutory Record Transmittal, as shown in the Index and the numbered Exhibits given):** Stripping **51 pages** out of Tamara Rutherford's certified **148-page discovery file** (as shown in the Index and the numbered Exhibits given) (148 - 97 = 51)—including the employment-admitting Form WC-1 filings—and intercepting/falsifying the statutory transmittal to submit an **11-page shell** (as shown in the Index and the numbered Exhibits given) while certifying "No Transcript or Evidence" (as shown in the Index and the numbered Exhibits given) (**42 U.S.C. § 1983; Fed. R. Civ. P. 37(e); Fed. R. Civ. P. 60(d)(3);** state predicates O.C.G.A. § 34-9-105(b) & (c)(2), § 24-14-22).

26. **Count 26 (5/22/2026 & 11/2026 – Out-of-Sequence Quad-Moot Destruction of Emergency Bone-Disease Mandamus, as shown in the Index and the numbered Exhibits given):** Judge Kelly Brooks mooting Petitioner's extraordinary **Emergency Petition for Writ of Mandamus (O.C.G.A. § 9-6-20)** for "no evidence" under O.C.G.A. § 9-15-2(d) after staff refused Petitioner's radiology CD and evidence on May 4, and issuing three additional out-of-sequence summary mooting orders stripping the October 26 interception and November 2 interlocutory filings without a hearing—inflicting **compounded irreparable ongoing physical harm** as progressive bone disease went untreated ().

27. **42 U.S.C. § 1983; 28 U.S.C. § 1651(a); Fed. R. Civ. P. 70; U.S. Const. amend. XIV; *Tumey v. Ohio*, 273 U.S. 510**

**SUMMARY OF FEDERAL RELIEF & SIX-YEAR DISGORGEMENT DEMAND**

> **Exact Total Before the Federal Bench (U.S. District Court, M.D. Ga. — Valdosta Division):**
> **26 Numbered Counts (Counts 1–9 Intrinsic Fraud; Counts 10–26 Extrinsic Fraud Upon the Court**, incorporating **Counts 11–26 [16 Counts]** of Civil Rights, First Amendment Public Access, and Fourteenth Amendment Due Process Deprivations across **4 household members [2 named co-petitioners Isac & Christina + 2 children]** × **4 quad-moot dismissals = 16 cumulative individual Fourteenth Amendment deprivations**, plus **6 individual First Amendment Open-Courts violations** against the **2 children** across the **3 public-counter dates**).

## III. THE RECALIBRATED FINANCIAL, ECONOMIC LOSS, AND REMEDIATION DEMANDS (BUCKETS A THROUGH H)

---

> **Core Baseline Sum: $4,877,516.40 | 4-Column Schedule Baseline: $18,447,352.80 | 3× Treble Baseline: $55,342,058.40 | Prior Subtotal w/ 4× & 5× Tiers: $92,817,306.00 | 148-Page × 4-Cycle Playbook Box: $148,000,000.00 | CONSOLIDATED GRAND TOTAL:** ~~**$240,817,306.00**~~ $240,935,042 IG CP 2026

The Petitioners explicitly reject any structured insurance-managed care programs, corporate wrap-off timelines, or fraudulent administrative ledgers. To remedy six years of severe financial devastation, identity misuse, and administrative cover-up, the Petitioners demand immediate, unbundled judgment across the following fully itemized categories:

### 1. CORE ECONOMIC LOSS, STATUTORY DEFICIT & FUTURE HORIZON BUCKETS

**BUCKET A: Operational Wage Step — Lead Man Wage-Theft Calculation (Full Master Tier):** Governed exclusively under the **Davis-Bacon Act (40 U.S.C. §§ 3141–3148)**, the **Contract Work Hours and Safety Standards Act (40 U.S.C. §§ 3701–3708)**, the **Fair Labor Standards Act (29 U.S.C. §§ 206, 207, 216(b))**, **29 C.F.R. Part 5**, and **48 C.F.R. Subpart 22.4**. Computes operational wage-theft back pay at the verified peak master-technician and federal working foreman lead man wage tier ($2,184.00/week combined rate, including $1,680.00/week straight-time and $504.00/week Saturday overtime) across 408 weeks through October 2026, plus 29-year future earning capacity through retirement (1,508 weeks × $2,184.00/week = $3,293,472.00).
**Back-Pay Subtotal: $891,072.00 ($685,440.00 straight-time + $205,632.00 Saturday overtime) | 30% Late Penalty: $267,321.60 | 29-Year Future Earning Capacity: $3,293,472.00.**

**BUCKET B: Federal Workers' Compensation Permanent Disability Back Pay (Federal Cap):** Governed exclusively under **40 U.S.C. § 3172** (extending statutory workers' compensation indemnity jurisdiction to federal buildings, works, and property), **5 U.S.C. §§ 8101–8193**, and **48 C.F.R. Subpart 28.3**. Maintained as an isolated recovery line for the permanent disability case (Case No. 2021-008222) across 301.5 weeks, grounded in the undisputed, permanent structural loss of the ankle joint (surgically bolted foot-to-leg fusion conclusively established by 520 pages of surgical and procedural medical records, 14 pages of diagnostic radiology, and direct visual evidence).
**Subtotal: $658,476.00 | 30% Late Penalty: $197,542.80.**

**BUCKET C: Social Security Administration — Retroactive Title II SSDI, Auxiliary Payments, & Federal Third-Party Interference Liability (Bill Gross):** Governed exclusively under **42 U.S.C. §§ 423, 402(d), and 426(b)** (Title II SSDI, dependent child auxiliary benefits, Medicare entitlement), **20 C.F.R. Part 404**, **26 U.S.C. § 86(e)**, **42 U.S.C. § 1985**, **42 U.S.C. § 1983**, and **18 U.S.C. §§ 241, 242, 1001**, holding **Bill Gross** directly, jointly, and severally liable for the entire $191,400.00 retroactive deficit.
**Causal Liability:** Because SSDI and dependent auxiliary benefits are vested earned-credit entitlements triggered by an established permanent physical disability (complete loss of ankle function / surgically bolted foot-to-leg fusion), **Bill Gross's** intentional withholding of federal project employment records and failure to verify work history directly blocked the release of earned work credits and obstructed the June 4, 2021 SSDI filing and subsequent Medicare coverage. Itemized Retroactive Audit Breakdown (Through October 2026):

- Primary Wage Earner (Isac): 64 full months at $2,400.00/mo = **$153,600.00**
- Dependent Auxiliary (Sebastian): 43 full months at $600.00/mo = **$25,800.00**
- Dependent Auxiliary (Jonah): 20 full months at $600.00/mo = **$12,000.00**

**Subtotal: $191,400.00 | 30% Late Penalty: $57,420.00.**

**BUCKET D: Documented Professional Caregiver Compensation — Immediate & Lifetime Attendant Care (Christina Ponce / Bill Gross Obstruction Liability):** Governed exclusively under the **Fair Labor Standards Act (29 U.S.C. §§ 206, 207), 29 C.F.R. Part 552** (domestic and personal care labor standards), **42 U.S.C. § 1395y(b)(2)** (Medicare Secondary Payer prohibition against shifting primary injury care burdens), and **26 U.S.C. § 131 / IRS Notice 2014-7**.
**Causal Liability:** Because **Bill Gross's** overlapping contractor and board interference blocked workers' compensation medical authorization and denied institutional doctor access from the onset of the injury, the trauma deteriorated without formal medical coverage—forcing **Christina Ponce** to assume immediate, continuous 24/7 lifesaving wound care, bandage changes, and daily physical assistance to keep Isac Rafael Gutierrez alive. Covers 408 weeks of active back-pay care ($1,713,600.00 at $4,200.00/week), plus ongoing lifetime attendant care across full actuarial life expectancy ($9,240,000.00 across 2,200 weeks / 42.3 years).
**Back-Pay Subtotal: $1,713,600.00 | 30% Late Penalty: $514,080.00 | Lifetime Care Projection: $9,240,000.00.**

**BUCKET E: Shifted Medical Cost Anchor, Missing Paramedic Baseline, & Suppressed Ledger Quantities (Bill Gross):** Governed exclusively under the **Medicare Secondary Payer Act (42 U.S.C. § 1395y(b)(2); 42 C.F.R. Part 411, Subpart B)**, the **Occupational Safety and Health Act (29 U.S.C. § 654; 29 C.F.R. § 1904.39)**, the **Emergency Medical Treatment and Labor Act (42 U.S.C. § 1395dd)**, and **26 U.S.C. § 104(a)(2)**. The administrative cover letter attempted to use "charity care" as a fraudulent shield to claim trauma costs were absorbed, while the backing financial ledger proves costs were billed directly to Isac Rafael Gutierrez and funneled through a lockbox/PO Box conduit in Atlanta (**Southeast Georgia Health, PO Box 744212**) and **Southeast Georgia Health System**—orchestrated via **Bill Gross's** overlapping influence as general contractor and hospital board member to evade primary commercial workers' compensation liability (Builders Insurance #104715) and block early medical stabilization.

- **Preliminary Surface Baseline & Physical Billing Folder Anchor:** Anchored by the $355,121.00 Memorial Satilla Health trauma ledger plus the $22,770.70 physical medical billing folder encompassing all documented ancillary provider and collection account statements (AMS Southeast, MBB Radiology, TEAMHealth, National Recovery Agency, HRRG, and Business Revenue Systems), establishing a verified surface minimum of $377,891.70 pending compelled judicial production.

**Subtotal: $377,891.70 ($355,121.00 trauma ledger + $22,770.70 documented medical billing folder).**

three ICCP

**BUCKET F: The ~~Four~~ Final Progress Report Payouts & Ledger Deficit Reversal:** Governed exclusively under the **Miller Act (40 U.S.C. §§ 3131–3134)**, the **Federal Prompt Payment Act (31 U.S.C. §§ 3901–3907; 48 C.F.R. Subpart 32.9)**, and **26 U.S.C. § 104(a)(1)–(2)**, derived directly from the audited progress payout and coerced distribution ledger ($139,465.38 + $142,623.60 + $142,623.60 = $424,712.58 stated claims, less $93,235.88 actual coerced payouts).
**Subtotal Owed to Isac Rafael Gutierrez: $331,476.70.**

**BUCKET G: Third-Party Familial Subsistence & Household Maintenance Restitution:** Governed exclusively under **18 U.S.C. § 3664(j)(1)** (Third-Party Restitution), **28 U.S.C. § 1331 / § 1367**, and **26 U.S.C. §§ 61, 102**. Benefactor / Claimant: **Antonio Ponce Lugo**. Active Ledger Period: 60 Months (5-Year Duration). Direct out-of-pocket household overhead, utility maintenance, insurance premiums, essential family provisions, and infant support advanced during active total disability:

- Lights / Utilities: $300.00 × 60 months = **$18,000.00**
- Insurance Maintenance: $120.00 × 60 months = **$7,200.00**
- Phone Communication: $50.00 × 60 months = **$3,000.00**
- WiFi Infrastructure: $50.00 × 60 months = **$3,000.00**
- Diaper Provisioning: $60.00 × 32 months = **$1,920.00**

- Essential Supplies & Sustenance: $60.00 × 24 months = **$1,440.00**

**Total Certified Third-Party Restitution Sum: $35,600.00 ($34,560.00 itemized sum plus $1,040.00 2-month extension adjustment).** *(Excluded from 4× and 5× multiplier tiers; included in full in baseline schedule.)*

*Forensic Audit & Investigative Labor Cost Fed.R.Civ.P. 37(e); O.C.G.A. § 13-6-11*

**BUCKET H: Pro Se Petitioner Defense & Counter-Strategy Recovery (W.H. Gross / Counsel Directive):** Governed exclusively under **28 U.S.C. § 1654**, ~~**31 U.S.C. §§ 3729–3733** (Federal False Claims Act), **28 C.F.R. § 85.5, 48 C.F.R. Subpart 3.10**~~, and **26 U.S.C. § 61(a)**. Incurred as a direct result of the bad-faith directive executed by W.H. Gross and counsel to initiate and sustain a phantom litigation docket through 2026. Calculated across 32.26 operational weeks (March 12, 2026 – October 24, 2026) at $21,~~000~~200.00 per week. *200 IG GP*

**Subtotal: ~~$678,000.00.~~** *(Excluded from 4× and 5× multiplier tiers; included in full in baseline schedule.)* *$693,912.00 IG GP*

**2. STATUTORY TREBLE DAMAGES & FEDERAL CIVIL NON-ECONOMIC MULTIPLIER TIERS**

- **3× Statutory Treble Baseline (31 U.S.C. § 3729(a)(1) — $18,447,352.80 × 3):** Applies the federal False Claims Act treble multiplier to the consolidated 4-column schedule baseline across all eight buckets ($18,447,352.80 × 3), establishing a **3× Treble Baseline of $55,342,058.40**.
- **4× Federal Civil Non-Economic Medical Obstruction Multiplier (*State Farm v. Campbell*, 538 U.S. 408 (2003); 42 U.S.C. § 1395y(b)(2); 26 U.S.C. § 104(a)(2) — $4,163,916.40 × 4):** Calculated separately on the $4,163,916.40 eligible base (Buckets A–F, excluding Bucket G $35,600.00 and Bucket H $678,000.00) for six years of intentional withholding of medical authorization and record obstruction. **Separate 4× Tier Subtotal: $16,655,665.60.**
- **5× Federal Civil Non-Economic Catastrophic Impairment Multiplier (*State Farm v. Campbell*, 538 U.S. 408 (2003); 26 U.S.C. § 104(a)(2) — $4,163,916.40 × 5):** Calculated separately on the $4,163,916.40 eligible base (Buckets A–F) for permanent structural loss of the ankle joint, loss of trade capacity, and 24/7 attendant care dependency. **Separate 5× Tier Subtotal: $20,819,582.00.**

**3. FORENSIC AUDIT BOX: 148-PAGE RECORD × 4-CYCLE INSTITUTIONAL PLAYBOOK ($148,000,000.00)**

148 Pages × 4 Institutional Cycles × $250,000.00 per Statutory Count = (Perjury Generally), (False Declarations Before Court), (Materially False Statements & Concealment), (Unsworn Declarations Under Penalty of Perjury), and (authorizing $250,000.00 per statutory felony count for individuals; $500,000.00 for organizations under § 3571(c)(3)), alongside civil False Claims Act per-violation penalties under and ($14,308.00–$28,619.00 per false record). Quantifies systemic, multi-cycle concealment and alteration across the 148-page core administrative, medical, and docket record across four institutional playbook cycles (592 total statutory counts):

**Formula:$148,000,000.00**
**Statutory Authority:18 U.S.C. § 162118 U.S.C. § 162318 U.S.C. § 1001(a)(1)–(3)28 U.S.C. § 174618 U.S.C. § 3571(b)(3)31 U.S.C. § 3729(a)(1)28 C.F.R. § 85.5**
**Operational & Legal Basis:**

1. **Cycle 1 — Initial Trauma & Origin Suppression:** Diversion of job-site injury record, denial of primary workers' comp authorization (Builders Insurance #104715), and suppression of emergency intake ledgers (29 U.S.C. § 654; 29 C.F.R. § 1904.39; 40 U.S.C. § 3172).
2. **Cycle 2 — Lockbox / PO Box Conduit & Medical Cost Shifting:** Funneling trauma billing through Atlanta (**Southeast Georgia Health, PO Box 744212**) / **Southeast Georgia Health System** conduits while issuing fraudulent "charity care" cover letters (42 U.S.C. § 1395y(b)(2); 42 C.F.R. Part 411, Subpart B).
3. **Cycle 3 — Federal Employment & SSDI Work-Credit Obstruction:** Withholding federal project payroll records to block Title II SSDI work credits, dependent auxiliary benefits, and Medicare entitlement (42 U.S.C. §§ 423, 402(d), 426(b); 42 U.S.C. § 1985; 18 U.S.C. § 1001).
4. **Cycle 4 — Phantom Litigation Docket & Spoliation Enforcement:** Bad-faith initiation and maintenance of phantom 2026 litigation docket to launder altered ledgers and suppress unredacted discovery (31 U.S.C. §§ 3729–3733; 28 C.F.R. § 85.5; 18 U.S.C. §§ 1512, 1519).

**STANDALONE EVIDENTIARY, OWNERSHIP & ANTI-TAINT FIREWALL (POST-BUCKET SEGREGATION)**

Following the itemization of **Buckets A through H, Petitioners Isac Rafael Gutierrez and Cristina Ponce** establish a strict two-part legal and financial firewall governing attribution, asset segregation, and the sanctity of the Court:

$1,043,912,00.00 IG CP

**1. Exclusive Pro Se Audit Attribution & Third-Party Fee Firewall:** The ~~**$678,000.00**~~ itemized under Bucket H represents **earned, *bona fide* forensic auditing and record-reconstruction labor** billed at the objective market rate of a qualified forensic auditor for the documented operational weeks necessitated by **Respondents'** spoliation and phantom docket—and is **not** a claim for *pro se* attorney's fees or a *qui tam* relator percentage. Because Isac Rafael Gutierrez and Cristina Ponce investigated, audited, and constructed every page of the 148-page baseline reconciliation, exhibit cross-reference, and statutory blueprint **100% independently from certified primary records without outside counsel or third-party assistance, no outside attorney, former representative, or third party possesses any legal standing, fee lien, quantum meruit claim, or attribution right** in this audit or any recovery secured herein.

**2. Dirty-Money & Anti-Double-Dipping Asset Firewall (Strict Segregation of External Credential-Accumulated Proceeds):** Neither **Petitioners** nor the Government may double-dip across the sanctuary of the Court. **Petitioners** expressly disclaim, renounce, and refuse any personal title, constructive trust, or private enrichment from the multi-year, multi-individual external assets accumulated by third parties through the unauthorized exploitation of **Petitioners'** identity and credentials (as evidenced by the Ameris Bank / Bank 466 internal employee-portal URL printout, Account No. 1030421729, and related bank transaction coordinates). Because **Petitioners**—acting *pro se* without federal forfeiture machinery—have supplied the verified bank records and coordinates enabling federal authorities to trace those external accounts accurately, **100% of all multi-individual external assets traced and seized by federal authorities belongs exclusively to the United States Treasury and the American Taxpayer** (18 U.S.C. §§ 981–982; 28 U.S.C. § 524(c); 31 U.S.C. § 9705), while **Petitioners** recover solely their clean, verified civil compensatory, treble, statutory, and punitive judgments established across Buckets A through H and Section 3 ~~**($240,817,306.00).**~~ $240,835,042.00 IG CP

## 4. CONSOLIDATED 4-COLUMN FINANCIAL DEMAND, MULTIPLIER, & PLAYBOOK SCHEDULE

| CATEGORY / DESCRIPTION | SUBTOTAL (COL 2) | 30% LATE PENALTIES (COL 3) | FUTURE HORIZON PROJECTIONS (COL 4) |
|---|---|---|---|
| Bucket A: Operational Wage Step (Master Tier Lead Man) | $891,072.00 | $267,321.60 *(30% late & unpaid)* | $3,293,472.00 *(29 yrs / 1,508 wks @ $2,184/wk)* |
| Bucket B: Workers' Comp Permanent Disability Back Pay (Federal Cap) | $658,476.00 | $197,542.80 *(30% late & unpaid)* | — |
| Bucket C: Retroactive SSDI & Auxiliary Payments *(Bill Gross Liability)* | $191,400.00 | $57,420.00 *(30% late & unpaid)* | — |
| Bucket D: Professional Caregiver Compensation *(Christina Ponce)* | $1,713,600.00 | $514,080.00 *(30% late & unpaid)* | $9,240,000.00 *(42.3-yr care / 2,200 wks @ $4,200/wk)* |
| Bucket E: Shifted Medical Cost Baseline Anchor *($355.1k + $22.7k Folder)* | $377,891.70 | — | — |
| Bucket F: Final Progress Reports & Throwaway Sheet Deficit Reversal | $331,476.70 | — | — |
| Bucket G: Third-Party Familial Subsistence Restitution *(Antonio Ponce Lugo)* | $35,600.00 | — | — |
| Bucket H: Pro Se Petitioner Defense Recovery | ~~$678,000.00~~ $643,912.00 | — | — |

IG CP

| CATEGORY / DESCRIPTION | SUBTOTAL (COL 2) | 30% LATE PENALTIES (COL 3) | FUTURE HORIZON PROJECTIONS (COL 4) |
|---|---|---|---|
| **COLUMN TOTALS (ALL 8 BUCKETS A–H)** | **$4,877,516.40** | **$1,036,364.40** | **$12,533,472.00** |
| **CONSOLIDATED SCHEDULE BASELINE (COLUMNS 2 + 3 + 4)** | | | **$18,447,352.80** |
| **3× TREBLE BASELINE** (31 U.S.C. § 3729(a)(1) — $18,447,352.80 × 3) | | | $55,342,058.40 |
| **4× TIER — SEPARATE CALCULATION** (Buckets A–F = $4,163,916.40 × 4) | | | $16,655,665.60 |
| **5× TIER — SEPARATE CALCULATION** (Buckets A–F = $4,163,916.40 × 5) | | | $20,819,582.00 |
| **PRIOR LOCKED SUBTOTAL (3× Treble Baseline + 4× Tier + 5× Tier)** | | | **$92,817,306.00** |
| **FORENSIC AUDIT BOX: 148-PAGE RECORD × 4-CYCLE PLAYBOOK** (18 U.S.C. § 3571(b)(3)) | | | $148,000,000.00 |
| **CONSOLIDATED GRAND TOTAL ($92,817,306.00 + $148,000,000.00)** | | | ~~**$240,817,306.00**~~ |

240,817,306.00 IG CP

## 5. GRAND TOTAL SCHEDULE RECONCILIATION

- **Column 2 — Verified Core Economic & Statutory Baseline (Buckets A–H):** $4,877,516.40
- **Column 3 — 30% Late & Unpaid Statutory Penalties (Buckets A–D):** $1,036,364.40
- **Column 4 — Future Horizon Projections (Bucket A 29-Yr Retirement + Bucket D 42.3-Yr Lifetime Care):** $12,533,472.00
- **CONSOLIDATED SCHEDULE BASELINE (COLUMNS 2 + 3 + 4):** $18,447,352.80
- **3× TREBLE BASELINE (31 U.S.C. § 3729(a)(1) — $18,447,352.80 × 3):** $55,342,058.40
- **4× Tier (Buckets A–F = $4,163,916.40 × 4 — Excludes Buckets G & H):** $16,655,665.60
- **5× Tier (Buckets A–F = $4,163,916.40 × 5 — Excludes Buckets G & H):** $20,819,582.00
- **Prior Locked Subtotal ($55,342,058.40 + $16,655,665.60 + $20,819,582.00):** $92,817,306.00
- **Forensic Audit Box (148 Pages × 4 Cycles × $250,000.00 — 18 U.S.C. §§ 1621, 1623, 1001, 3571(b)(3) & 28 U.S.C. § 1746):** $148,000,000.00
- **CONSOLIDATED GRAND TOTAL ($92,817,306.00 + $148,000,000.00): ~~$240,817,306.00~~** $ 240,817,306.00

## 6. SUBPOENA COMPULSION DIRECTIVES, RELATOR / RATIFIER ASSET SEGREGATION, & TREASURY / TAXPAYER DISGORGEMENT

**A. Medical, Institutional Billing, & Lockbox Conduit Subpoenas (Exclusive Recovery of Mr. Isac Rafael Gutierrez — Orthopedic Hardware):** Pursuant to **Fed. R. Civ. P. 45, 31 U.S.C. § 3733** (Civil Investigative Demands), and **42 U.S.C. § 1395y(b)(2)**, Petitioners request immediate judicial subpoena compulsion directed to **Memorial Satilla Health, Southeast Georgia Health System**, the **Atlanta lockbox / PO Box routing conduits (Southeast Georgia Health, PO Box 744212)**, and **Builders Insurance (#104715)** to produce all remaining, unproduced institutional billing totals, emergency intake ledgers, paramedic transport logs, surgical billing records, and PO Box routing sheets. All remaining suppressed medical billing quantities and shifted clinical costs uncovered through medical subpoena compulsion—representing the extensive orthopedic surgical hardware installed into, removed from, and re-implanted into **Mr. Isac Rafael Gutierrez's** leg—belong strictly and exclusively to **Mr. Isac Rafael Gutierrez** as his direct personal injury and statutory baseline recovery under Buckets B and E.

**B. Five-Year Multi-Individual Accumulated Asset & Banking Subpoenas (Exclusive Treasury & Taxpayer Ownership):** Pursuant to **Fed. R. Civ. P. 45, 31 U.S.C. §§ 3729–3733** (Federal False Claims Act), **18 U.S.C. §§ 981–982**, and **18 U.S.C. § 3571(b)(3)**, Petitioners move for subpoena production covering **five (5) years of banking records, financial accounts, and accumulated assets** across all implicated individuals and corporate entities to substantiate the systemic multi-cycle charges and statutory violations set forth herein. **Mandatory Segregation & Disgorgement Clause:** Petitioners expressly stipulate, certify, and affirm on the record that every dollar of accumulated bank assets, corporate accounts, forfeited proceeds, Title 18 felony fines, and disgorged funds uncovered or seized through said five-year financial and asset subpoenas **belongs to no one other than the United States Treasury and the American Taxpayer**. Neither Isac Rafael Gutierrez nor Christina Ponce claims any personal title, private ownership, or individual enrichment from seized or disgorged multi-individual bank assets beyond the statutory baseline restitution and civil remedies established by law.

## 7. STATEMENT OF EVIDENTIARY INTEGRITY, NOTICE TO RESPONDENTS, & PRAYER FOR RELIEF

This verified forensic audit is submitted to the Court with strict adherence to federal evidentiary integrity (**Fed. R. Civ. P. 11(b); 28 U.S.C. § 1746**) and demands full institutional accountability for the protection of the public record and the American Taxpayer. **Petitioners** have discharged their preliminary evidentiary burden exclusively through certified primary records, medical logs, and banking coordinates. Any Respondent or counsel of record who contests the integrity of this verified 148-page reconciliation is placed on formal notice that all factual assertions herein are anchored to certified primary exhibits subject to immediate judicial inspection and subpoena compulsion.

**Prayer for Relief:** WHEREFORE, Petitioners **Isac Rafael Gutierrez** and **Christina Ponce** respectfully pray that this Honorable Court enter judgment and grant immediate relief as follows:

1. Enter judgment across Buckets A through H for the Core Baseline Sum of **$4,877,516.40**, the 4-Column Schedule Baseline of **$18,447,352.80**, the 3× Statutory Treble Baseline of **$55,342,058.40**, and the separate 4× (**$16,655,665.60**) and 5× (**$20,819,582.00**) civil non-economic tiers—forming the Prior Locked Subtotal of **$92,817,306.00**—together with the 148-Page × 4-Cycle Forensic Audit Box of **$148,000,000.00**, for a Consolidated Grand Total of ~~**$240,817,306.00**;~~ $ 240,835,042.00 IG CP
2. Order immediate, unbundled dollar-for-dollar third-party restitution of **$35,600.00** directly to Benefactor **Antonio Ponce Lugo** under Bucket G;
3. Issue immediate judicial subpoenas pursuant to **Fed. R. Civ. P. 45** and **31 U.S.C. § 3733** compelling unredacted medical/billing production tied to **Isac Rafael Gutierrez** and five-year multi-individual banking/asset records, with all seized or forfeited multi-individual bank assets and Title 18 fines disgorged exclusively to the **United States Treasury and the American Taxpayer**;
4. Grant all further legal, equitable, and statutory relief to which Petitioners and the United States are justly entitled.

**VERIFICATION UNDER OATH (28 U.S.C. § 1746)**

We, **Isac Rafael Gutierrez** and **Christina Ponce**, appearing *pro se*, do hereby solemnly swear and affirm under penalty of perjury, pursuant to the laws of the United States of America, that the factual statements, exhibits, historical chronologies, and ledger calculations contained herein are true, correct, and complete to the best of our personal knowledge and belief.

To uphold integrity for the people, by the people, under God, so help us God. This is the truth.

**RESPECTFULLY SUBMITTED AND ENTERED ON THIS STATEMENT OF FINAL AUDIT:**

**Isac Rafael Gutierrez**, Petitioner Pro Se / Verified Drywall Technician (Drywall Pro Se Duo)
4916 Oakwood BND, Blackshear, GA 31516 | Tel: 912-288-2411

11-17-2026
**Date Executed**
Sworn Under Penalty of Perjury (28 U.S.C. § 1746)

CP Cristina
~~**Christina**~~ **Ponce**, Petitioner Pro Se / Verified Drywall Technician (Drywall Pro Se Duo)
4916 Oakwood BND, Blackshear, GA 31516 | Tel: 912-288-2411

11-17-2026
**Date Executed**
Sworn Under Penalty of Perjury (28 U.S.C. § 1746)

# ATTACHMENT TO JS 44 — SECTION I.(a) DEFENDANTS

U.S. District Court, Middle District of Georgia — Valdosta Division

Plaintiffs: Isac Rafael Gutierrez & Cristina Ponce, Pro Se

**Named Defendants / Respondents (in Caption Order):**

1. W.H. Gross Construction Company
2. Georgia State Board of Workers' Compensation
3. Builders Insurance
4. Ryan G. Prescott
5. Seth Bader
6. Rocky Babson
7. Perry Dean Ellis
8. Henry R. Degive